IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC M. ROBINSON,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BRAD JOHNSON, WILLIAM MCGLOTHLIN, SHELBY NELSON, GEORGITTA SHAW, JAMIE CARTWRIGHT, and MIKE MUELLER,<br><br>                    Defendants. | **8:19CV123**<br><br>**MEMORANDUM AND ORDER** |

After granting Plaintiff Eric M. Robinson ("Plaintiff" or "Robinson") leave to proceed in forma pauperis, the court now conducts an initial review of Robinson's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Robinson filed his Complaint pursuant to 42 U.S.C. § 1983 on March 22, 2019, when he was confined as a pretrial detainee at the Lancaster County Department of Corrections ("LCDC").[1] Robinson named Brad Johnson, the

---

[1] On April 13, 2020, documents sent to Robinson at his last known address at the LCDC in two of his other cases were returned to this court as undeliverable because Plaintiff is no longer incarcerated there. (*See* Filing No. 16, Case No. 4:18CV3154; Filing No. 29, Case No. 8:19CV42.) Robinson has an obligation to keep the court informed of his current address at all times. *See* NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the court of address changes within 30 days). This case cannot be prosecuted in this court if Robinson's whereabouts remain unknown. The court will, therefore, require Robinson to update his address within 30 days or face dismissal of this action without further notice.

Director of LCDC, and five LCDC employees as Defendants in their official capacities. Robinson alleges Defendants violated his First Amendment, Due Process, and Equal Protection rights when they failed to provide him his inmate records upon request which he claims were necessary to his defense of certain state criminal charges. Robinson asks the court to compel Defendants "to provide two copies of all his past property lists and two copies of all of his Keefe Offender Comm. Kiosk posts since 2015 till present." (Filing No. 1 at CM/ECF p. 12 (internal quotation marks omitted).)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a]

pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Liberally construing Robinson's allegations, he seems to be claiming that Defendants deprived him of his constitutional right to access the courts. It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, Robinson's claims against Defendants in their official capacities are actually claims against Lancaster County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To state a plausible claim against Lancaster County, Robinson must allege that a "policy" or "custom" caused a violation of his constitutional rights.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Robinson's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*,

475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Robinson does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by LCDC officials or employees, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Robinson does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violations. In other words, Robinson has not alleged that Lancaster County has a policy or custom of denying prisoners access to the courts or to their inmate records. Accordingly, Robinson has failed to allege sufficient facts to "nudge" his claims against Lancaster County across the line from conceivable to plausible.

On the court's own motion, Robinson will have 30 days in which to file an amended complaint that sufficiently alleges an access to courts claim against Defendants in their official or individual capacities. To prevail on an access to courts claim, a prisoner must establish that he sustained "an actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). To demonstrate "actual injury," the prisoner must show "'that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id*. (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir.

1998)). "[A]n isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (internal quotation marks omitted).

Here, Robinson alleges in a conclusory fashion that if he had been provided certain documents when he requested them in September of 2016, it "would have prevented any conviction of burglary tools." (Filing No. 1 at CM/ECF p. 20.) The court cannot infer from such allegations whether Robinson has a nonfrivolous, arguable, underlying claim and whether Defendants' actions caused Robinson to suffer actual injury or prejudice. Any amended complaint filed by Robinson must include such allegations.

IT IS THEREFORE ORDERED that:

1.    Plaintiff shall have until **May 18, 2020**, to amend his Complaint to set forth good-faith factual allegations regarding: (a) how Defendants' actions caused Plaintiff to suffer actual injury or prejudice and (b) the existence and contents of an official policy or custom that caused a violation of Plaintiff's constitutional right to access the courts. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2.    In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations.[2] Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

---

[2] Plaintiff need not resubmit any exhibits attached to his Complaint and may incorporate such exhibits by reference.

3.     The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4.     In addition, by **May 18, 2020**, Plaintiff must update his address. Failure to do so will result in dismissal of this matter without further notice to Plaintiff.

5.     The clerk of the court is directed to set a pro se case management deadline using the following text: **May 18, 2020**: deadline for amended complaint and to update address.

Dated this 16th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

6